SAGASER, JONES & HELSLEY
2445 Capitol Street, 2nd Floor
Post Office Box 1632
Fresno, California 93717-1632
Telephone: (559) 233-4800
Facsimile: (559) 233-9330

John. P. Kinsey, #215916


DAVIS & KUELTHAU, S.C.
111 E. Kilbourn Avenue, Suite 1400
Milwaukee, WI 53202

Kathy L. Nusslock (*pro hac vice application pending*)
Telephone: (414) 225-1447
Facsimile: (414) 278-3647

Russell S. Long (*pro hac vice application pending*)
Telephone: (414) 225-1456
Facsimile: (414) 278-3656

Attorneys for Defendant Paper Machinery Corporation

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>BIG3D, INC.<br><br>Debtor.<br><br>BIG3D, INC.<br><br>Plaintiff,<br><br>v.<br><br>PAPER MACHINERY CORPORATION<br><br>Defendant. | Case No. 08-16768-B-11<br><br>Chapter Number: 11<br><br>Adversary Proceeding No. 09-01199<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PAPER MACHINERY CORPORATION** |

///

///

Paper Machinery Corporation (PMC) responds to the complaint of Big3D, Inc. (Big3D or Debtor) as follows:

1. Admits the allegations in paragraph 1, upon representation of counsel.
2. Admits the allegations in paragraph 2.
3. Admits the allegations in paragraph 3, upon representation of counsel.

## STATEMENT OF FACTS

4. Answering paragraph 4, admits that Big3D contracted for the purchase of equipment manufactured by PMC; denies that PMC agreed to manufacture equipment for Big3D's use without purchase; affirmatively states that PMC's obligation to manufacture equipment for Big3D is subject to the terms and conditions agreed to by the parties.

5. Answering paragraph 5, denies that Big3D placed an order for a PMC 1002P on March 27, 2006, but admits that on March 24, 2006, Big3D placed an order for a cup forming machine known as PMC 1002P Polypropylene Cup Forming Machine with associated tooling, customer purchase order no. 2006TKS4436; admits that Big3D issued a document entitled "Amended Purchase Order" dated November 17, 2006; admits that the document entitled "Amended Purchase Order" bears a purchase order no. 2006TKS4436; admits that Exhibit A to the complaint is a copy of the document bearing purchase order no. 2006TKS4436; admits that the cost of the PMC 1002P at issue with its related tooling, spare parts (mechanical and electrical) and a CS-251 counter stacker was $1,126,950.00; affirmatively states that PMC's obligation to manufacture equipment for Big3D is subject to the terms and conditions agreed to by the parties which included:

> Terms: $50,000 with order – non-refundable
> 35% (less the $50,000) 90 days from order – non-refundable
> 35% upon acceptance at PMC
> Balance due net 30

6. Answering paragraph 6, denies that PMC acknowledged the order on October 30, 2006, but admits that the order was acknowledged on March 27, 2006 with the issuance of PMC's S096547; affirmatively states that Big3D paid $50,000 on July 14, 2006 as an initial, non-refundable payment due upon PMC's acceptance of the order and that the terms

1 and conditions of the agreement between PMC and Big3D required Big3D to pay a total of 35% of the quoted price within 90 days of the order and that such payment was a non-refundable; admits that on October 10, 2006 PMC sent correspondence to Big3D to correct errors in the Big3D purchase order as sent to PMC and that purchase order no. 2006TKS4436 was corrected to reflect an order total of $957,950; admits that PMC issued an invoice dated October 30, 2006 requesting payment of the $285,282.50 as the balance due for the 35% non-refundable down payment due within 90 days of placing the order; denies the remaining allegations in paragraph 6.

7. Answering paragraph 7, admits that PMC received a total of $335,282.50 in partial payment for the purchase of the PMC 1002P at issue with its related tooling, spare parts (mechanical and electrical) and a CS-251 counter stacker; alleges information insufficient as to the terms by which Great Atlantic Capital Corporation provided funds to PMC, but admits that PMC was told that Great Atlantic Capital Corporation had entered into a lease arrangement with Big3D whereby the PMC 1002P machine plus machine spares and the CS-251 counter stacker would be leased and the tooling and tooling spares would be purchased; admits that Exhibit B to the complaint is a copy of invoice no. 10300601 issued by PMC to Great Atlantic Capital Corporation.

8. Denies the allegations in paragraph 8; affirmatively states that at all times Big3D was responsible for providing production-grade lenticular material to permit the testing of the PMC 1002P at PMC.

9. Answering paragraph 9, admits that Big3D failed and refused to provide PMC with production-grade lenticular plastic with which to test the PMC 1002P; denies that PMC failed or delayed in providing a replacement part for another piece of equipment purchased from PMC; denies that the replacement part, a heat nozzle to facilitate the sealing of containers manufactured by the other piece of equipment, had anything to do with the provision or testing of production-grade lenticular material by Big3D to PMC to enable PMC to test the PMC 1002P; denies the remaining allegations in paragraph 9.

///

10. Denies the allegations in paragraph 10; affirmatively states that the first piece of equipment purchased by Big3D from PMC was a 1250 machine which was intended to run flat plastic, rather than lenticular material.

11. Denies the allegations in paragraph 11.

12. Answering paragraph 12, states that PMC lacks sufficient information to form a belief as to Big3D's "information" or "belief" and, therefore, denies same; denies the remaining allegations in paragraph 12; affirmatively states that PMC ran the material provided by Big3D which was not production-grade lenticular material and was supplied in insufficient quantities to permit testing, in breach of the requirement that Big3D provide sufficient production-grade lenticular material to PMC; further states that the parties agreed that the $335,383.50 paid by or on behalf of Big3D was non-refundable and that the payment was made to induce PMC to manufacture the PMC1002P at issue with its related tooling, spare parts (mechanical and electrical) and CS-251 counter stacker.

13. Answering paragraph 13, states that PMC lacks sufficient information to form a belief as to Big3D's "information" or "belief" and, therefore, denies same; denies the remaining allegations in paragraph 13.

14. Denies the allegations in paragraph 14, but admits that PMC has refused to return to Big3D the non-refundable payments made by or on behalf of Big3D to induce PMC to manufacture the PMC 1002P; affirmatively states that PMC relied upon the contract and Big3D's assurances that PMC would be paid in full and acted upon such assurances in manufacturing the PMC 1002P at issue with its related tooling, spare parts (mechanical and electrical) and CS-251 counter stacker.

**DETERMINATION OF NATURE AND EXTENT OF
INTEREST IN SUMS PAID AS DEPOSIT BY DEBTOR TO PMC**

15. Answering paragraph 15, admits that Big3D alleges that monies it paid to PMC are the property of the bankruptcy estate, but denies that any amount of money paid to PMC by or on behalf of Big3D is the property of the bankruptcy estate; denies that any amount of money paid by or on behalf of Big3D is subject to any lien or post-petition rights by Great

Atlantic Capital Corporation; denies that PMC has wrongfully withheld any amount; affirmatively states that Big3D is indebted to PMC for its breach of contract in the amount of $791,667.50, which is the agreed upon cost of the PMC 1002P at issue with its related tooling, spare parts (mechanical and electrical) and CS-251 counter stacker less amounts paid to-date; denies that Big3D is entitled to an order quieting title or requiring PMC to turnover funds to the bankruptcy estate.

## JURISDICTION

PMC is without sufficient information to determine whether this court has jurisdiction over this matter in that PMC was informed that Big3D assigned to Great Atlantic Capital Corporation all rights and interest in any claims it may have against PMC; which would deprive this court of jurisdiction.

## AFFIRMATIVE DEFENSES

As affirmative defenses to the complaint, PMC states:

1. Big3D's complaint fails to state a claim upon which relief may be granted against PMC.

2. Big3D may not have standing to bring the claims alleged against PMC in this adversary proceeding in that PMC has been informed that Big3D assigned to Great Atlantic Capital Corporation all rights and interest it may have to any claim against PMC for the recovery of monies paid towards the purchase of the PMC 1002P at issue with its related tooling, spare parts (mechanical and electrical) and a CS-251 counter stacker.

3. Big3D may have failed to join a necessary and indispensible party as PMC has been informed that Big3D assigned to Great Atlantic Capital Corporation all rights and interest it may have to any claim against PMC for the recovery of monies paid towards the purchase of the PMC 1002P at issue with its related tooling, spare parts (mechanical and electrical) and a CS-251 counter stacker.

4. Big3D is estopped from making a claim against PMC in that Big3D agreed that all monies paid were non-refundable.

///

5. Big3D has waived any right it may have had to recover monies paid in partial payment of the purchase of the PMC 1002P at issue with its related tooling, spare parts (mechanical and electrical) and CS-251 counter stacker in that Big3D agreed that all monies paid were non-refundable.

6. Big3D is estopped from making a claim against PMC in that Big3D was informed and agreed that these monies were a non-refundable deposit; further alleges that PMC relied upon the contract and Big3D's assurances that PMC would be paid in full in manufacturing the PMC 1002P at issue with its related tooling, spare parts (mechanical and electrical) and CS-251 counter stacker.

7. PMC has performed all obligations under the contract between Big3D and PMC for the manufacture of the PMC 1002P at issue with its related tooling, spare parts (mechanical and electrical) and CS-251 counter stacker.

**WHEREFORE,** PMC requests judgment:

1. Dismissing its complaint in its entirety;

2. Determining that Big3D is not entitled to any portion of the monies paid toward the purchase of the PMC 1002P at issue with its related tooling, spare parts (mechanical and electrical) and CS-251 counter stacker; and

3. Awarding PMC such other and further relief as this court deems just.

DATED: September 21, 2009   SAGASER, JONES & HELSLEY

By   /s/ John P. Kinsey
John P. Kinsey,
Attorneys for Defendant
Paper Machinery Corporation

# PROOF OF SERVICE

My business address is 2445 Capitol Street, Post Office Box 1632, Fresno, California 93717-1632. I am employed in Fresno County, California. I am over the age of 18 years and am not a party to this case.

On the date indicated below, I served the foregoing document(s) described as **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PAPER MACHINERY CORPORATION** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Hilton A. Ryder | Franchise Tax Board |
| 5 River Park Place East | Post Office Box 2952 |
| Fresno, California 93720 | Sacramento, California 95812-2952 |
| *Attorney for Plaintiff, BIG3D, Inc.* | |

W. Richard Lee
Fresno Division - U.S. Bankruptcy Court
2500 Tulare Street, #2501
Fresno, California 93721-1328

__X__ (BY MAIL) I am readily familiar with the business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the United States Postal Service on the date noted below in the ordinary course of business, at Fresno, California.

_____ (BY PERSONAL SERVICE) I caused delivery of such envelope(s), by hand, to the office(s) of the addressee(s).

_____ (BY ELECTRONIC MAIL) I caused such documents to be scanned into PDF format and sent via electronic mail to the electronic mail addressee(s) of the addressee(s) designated.

_____ (BY FACSIMILE) I caused the above-referenced document to be delivered by facsimile to the facsimile number(s) of the addressee(s).

_____ (BY OVERNIGHT COURIER) I caused the above-referenced envelope(s) to be delivered to an overnight courier service for delivery to the addressee(s).

EXECUTED ON September 21, 2009, at Fresno, California.

__X__ (FEDERAL) I declare that I am employed in this office of a member of the bar of this court at whose direction this service was made.

                                                  _/s/ Belinda Ordway_
                                                  Belinda Ordway