| | |
|---|---|
| 1 | JONES HELSLEY PC |
| | 8365 North Fresno Street, Third Floor |
| 2 | Post Office Box 28340 |
| | Fresno, California 93720 |
| 3 | Telephone: (559) 233-4800 |
| | Facsimile: (559) 233-9330 |
| 4 | |
| | John P. Kinsey, #215916 |
| 5 | |
| | DAVIS & KUELTHAU, S.C. |
| 6 | 111 E. Kilbourn Avenue, Suite 1400 |
| | Milwaukee, WI 53202 |
| 7 | |
| | Kathy L. Nusslock (*pro hac vice*) |
| 8 | Telephone: (414) 225-1447 |
| | Facsimile: (414) 278-3647 |
| 9 | |
| | Russell S. Long (*pro hac vice*) |
| 10 | Telephone: (414) 225-1456 |
| | Facsimile: (414) 278-3656 |

Attorneys for: Defendant/Defendant In Intervention Paper Machinery Corporation

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re | Bankruptcy Case No. 08-16768-B-11 |
| Big3D, Inc. | Chapter Number: 11 |
| Debtor | Adversary Proceeding No. 09-01199-B |
| BIG3D, Inc. | PAPER MACHINERY CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO GREAT ATLANTIC CAPITAL CORPORATION'S COMPLAINT IN INTERVENTION AND PAPER MACHINERY CORPORATION'S CROSS-CLAIM AGAINST DEFENDANT IN INTERVENTION BIG3D, INC. |
| Plaintiff, | |
| v. | |
| Paper Machinery Corporation | |
| Defendant. | |

{7022/002/00248189.DOC}   1

| |
|---|
| GREAT ATLANTIC CAPITAL CORPORATION, |
| Plaintiff in Intervention, |
| v. |
| PAPER MACHINERY CORPORATION and BIG3D, INC., |
| Defendants in Intervention. |
| PAPER MACHINERY CORPORATION, |
| Counterclaim-Plaintiff/ Cross-Complainant, |
| v. |
| GREAT ATLANTIC CAPITAL CORPORATION, |
| Counterclaim-Defendant, |
| and |
| BIG3D, INC., |
| Cross-Defendant. |

## I.

## **ANSWER**

Paper Machinery Corporation (PMC) answers the Complaint in Intervention of Great Atlantic Capital Corporation (GACC) as follows:

1. Answering paragraph 1, alleges information insufficient to form a belief as to the truth of the allegations and, therefore, denies same; further alleges that any order issued speaks for itself and PMC denies any allegations inconsistent with the terms of such order.

2. Answering paragraph 2, alleges information insufficient to form a belief as to the truth of the allegations and, therefore, denies same.

///

{7022/002/00248189.DOC}　　　　　　　　　　　2

PAPER MACHINERY CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO GREAT ATLANTIC CAPITAL CORPORATION'S COMPLAINT IN INTERVENTION AND PAPER MACHINERY CORPORATION'S CROSS-CLAIM AGAINST DEFENDANT IN INTERVENTION BIG3D, INC.

3. Answering paragraph 3, alleges information insufficient to form a belief as to the truth of the allegations and, therefore, denies same; further, PMC states that it is not obligated to return any money to Big3D, Inc. (Big3D) and that any failure for the completion of the purchase of the PMC1002P is due to the failure of Big3D to meet its obligations under the contract; PMC further states that any assignment to GACC is subject to all set-offs, discounts, defenses, rights and claims PMC may have against Big3D.

4. Answering paragraph 4, alleges information insufficient to form a belief as to the truth of the allegations and, therefore, denies same; further PMC states GACC is subject to all set-offs, discounts, defenses, rights and claims PMC may have against Big3D.

5. Admits the allegations in paragraph 5, but states that the amount due PMC is for the PMC1002P and all related tooling, spares, and counterstacker.

6. Admits the allegations in paragraph 6.

7. Answering paragraph 7, alleges information insufficient to form a belief as to the truth of the allegations and, therefore, denies same; further PMC states GACC is subject to all set-offs, discounts, defenses, rights and claims PMC may have against Big3D.

8. Answering paragraph 8, alleges information insufficient to form a belief as to the truth of the allegations and, therefore, denies same; further PMC states GACC is subject to all set-offs, discounts, defenses, rights and claims PMC may have against Big3D.

## JURISDICTION

9. Answering paragraph 9, admits the court has jurisdiction over the bankruptcy proceeding pursuant to 28 U.S.C. § 1334, but denies that this matter is a core proceeding under 28 U.S.C. § 157(b); denies the remaining allegations in paragraph 9.

## STATEMENT OF FACTS

10. Admits the allegations in paragraph 10.

11. Denies the allegations in paragraph 11, but admits that on March 24, 2006, Big3D issued Purchase Order No. 2006TKS4436; affirmatively alleges that the cost of the PMC1002P with the spares and counterstacker was $841,250 and the cost of tooling and tooling spares was $116,700; admits that Big3D submitted an amended Purchase Order No.

2006TKS4436 in the form attached as Exhibit A to the Complaint in Intervention, in which it ordered tooling and a height changer for an additional cup size.

12. Denies the allegations in paragraph 12 and affirmatively states that PMC verified the order in March 2006; further, PMC states that on March 31, 2006, PMC informed Big3D that it required a non-refundable deposit of $335,282.50; $50,000 of which was to be paid with the order and the remaining balance to be paid within 90 days of the order; further states that Big3D did not pay the initial $50,000 until July 14, 2006 and that PMC did not receive the remaining portion of the non-refundable deposit ($285,282.50) until October 30, 2006.

13. Answering paragraph 13, admits that Big3D forwarded or caused to be forwarded a total of $335,282.50 to PMC toward the purchase of the PMC1002P and related tooling, spares and counterstacker; admits that this amount was made in two payments, one of $50,000 and one of $285,282.50; alleges information insufficient to form a belief as to whether GACC loaned Big3D the $285,282.50 for the second payment, and therefore denies same; further alleges that the money paid was a nonrefundable deposit and that Big3D and GACC were aware that the deposit was non-refundable; admits that Exhibit B is a copy of an invoice issued on October 30, 2006, but denies that Exhibit B was the first (or only) invoice issued demanding payment of the non-refundable deposit.

14. Answering paragraph 14, admits that Big3D failed to provide test quality lenticular material; denies the remaining allegations in paragraph 14.

15. Answering paragraph 15, denies information sufficient to form a belief as to GACC's information and belief and, therefore, denies same; denies that the PMC1002P was sold to an unknown party; affirmatively states that PMC was ready and able to deliver to Big3D a PMC1002P with related tooling, spares and counterstacker if Big3D met its obligations under the contract.

///

///

///

{7022/002/00248189.DOC}　　　　4

PAPER MACHINERY CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO GREAT ATLANTIC CAPITAL CORPORATION'S COMPLAINT IN INTERVENTION AND PAPER MACHINERY CORPORATION'S CROSS-CLAIM AGAINST DEFENDANT IN INTERVENTION BIG3D, INC.

16. Answering paragraph 16, admits that PMC refuses to return the non-refundable deposit made by or on behalf of Big3D for the purchase of the PMC1002P; affirmatively alleges that, in accordance with the terms of the contract, the deposit was non-refundable and that Big3D and GACC were aware that the deposit was non-refundable; further alleges that PMC substantially performed under the contract and is entitled to cover its damages arising from Big3D's breach of contract.

## FIRST COUNT
### (Declaratory Relief Against PMC and Big3D)

17. Answering paragraph 17, PMC realleges paragraphs 1 – 16.

18. Answering paragraph 18, admits that GACC has stated the assertions made by Big3D in its adversary complaint; denies that PMC sold the PMC1002P or substantially all of it to a third party and affirmatively states that PMC was ready and able to deliver to Big3D a PMC1002P with related tooling, spares and counterstacker if Big3D met its obligations under the contract; further states that PMC took steps to mitigate its damages when Big3D breached the contract; denies that PMC is indebted to Big3D in the amount of $335,383.50, or any amount; alleges information insufficient to form a belief as to the truth of the allegations relating to GACC's lien rights and, therefore, denies same; denies that PMC has wrongfully withheld any amount.

19. Answering paragraph 19, admits that GACC asserts that it has ownership of $315,000.00 of monies paid to PMC; denies that GACC has ownership of any monies paid to PMC; denies the remaining allegations in paragraph 19.

20. Admits the allegations in paragraph 20.

## AFFIRMATIVE DEFENSES

As affirmative defenses to the Complaint in Intervention, PMC states:

1. GACC's Complaint in Intervention fails to state a claim upon which relief may be granted against PMC.

///

///

2. GACC is estopped from making a claim against PMC in that GACC was aware that all monies paid by or on behalf of the Big3D for the purchase of the PMC1002P were non-refundable.

3. GACC has waived any right it may have had to recover monies paid in partial payment of the purchase of the PMC 1002P at issue with its related tooling, spare parts (mechanical and electrical) and CS-251 counter stacker in that GACC agreed that all monies paid were non-refundable.

4. GACC is estopped from making a claim against PMC in that Big3D was informed and agreed that these monies were a non-refundable deposit.

5. PMC relied upon the contract, and Big3D's assurances that PMC would be paid in full, in manufacturing the PMC 1002P at issue with its related tooling, spare parts (mechanical and electrical) and CS-251 counter stacker.

6. PMC has performed all obligations under the contract between Big3D and PMC for the manufacture of the PMC 1002P at issue with its related tooling, spare parts (mechanical and electrical) and CS-251 counter stacker.

7. Big3D materially breached its contract with PMC excusing further performance by PMC.

8. GACC and Big3D failed to the mitigate damages which they contend they sustained and are therefore barred from recovery.

9. GACC and Big3D would be unjustly enriched if GACC obtains the relief it seeks.

10. PMC affirmatively states that PMC was ready, willing and able to deliver to Big3D a PMC1002P with related tooling, spares and counterstacker if Big3D met its obligations under the contract.

11. PMC states that any assignment to GACC is subject to all set-offs, discounts, defenses, rights and claims PMC may have against Big3D.

12. PMC reserves the right to assert additional affirmative defenses, as acts become known which justify the application of these affirmative defenses in this action.

{7022/002/00248189.DOC} 6

PAPER MACHINERY CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO GREAT ATLANTIC CAPITAL CORPORATION'S COMPLAINT IN INTERVENTION AND PAPER MACHINERY CORPORATION'S CROSS-CLAIM AGAINST DEFENDANT IN INTERVENTION BIG3D, INC.

## II.

## COUNTER-CLAIM FOR DECLARATORY RELIEF AGAINST GACC AND CROSS-CLAIM FOR DECLARATORY RELIEF AGAINST BIG3D

As a counterclaim against GACC and a cross-claim against co-defendant in intervention, Big3D, PMC states:

1. PMC is a Wisconsin corporation with its principal place of business located at 8900 W. Bradley Road, Milwaukee, Wisconsin 53224. PMC is engaged in the business of manufacturing and selling equipment including cup forming machines.

2. Big3D is a foreign corporation with its principal place of business in Fresno, California. Big3D is engaged in the business of designing and marketing products using lenticular graphics.

3. GACC is a foreign corporation with its principal place of business in New Jersey.

## STATEMENT OF FACTS

4. On March 27, 2006, Big3D placed an order for a PMC 1002P Polypropylene Cup Forming Machine with related tooling, spare parts and counterstacker. This order was amended on November 17, 2006. The cost of the PMC 1002P with related tooling, spare parts and counterstacker was $1,126,950.00.

5. GACC alleges that Big3D assigned to GACC its claims against PMC relating to the contract to manufacture the PMC1002P, spares, related tooling and counterstacker.

6. PMC denies information sufficient to form a belief as to the accuracy of such assignment, but states that in the event the court finds such an assignment, GACC takes the assignment subject to all set-offs, discounts, defenses, rights and claims PMC may have against Big3D.

7. PMC performed all of its obligations under the contract.

///
///

8. At all times, PMC was and is ready, willing and able to deliver to Big3D a PMC1002P with related tooling, spares and counterstacker if Big3D satisfies its obligations under the contract.

9. PMC has received payments totaling $335,282.50 from or on behalf of Big3D for the purchase of the PMC 1002P.

10. Despite multiple requests for the remaining amounts due from Big3D, Big3D has refused to pay the amount due under the contract.

11. Big3D's conduct is a breach of the contract between PMC and Big3D for the purchase of the PMC 1002P and related tooling, spares and counterstacker.

12. As a result of Big3D's breach of contract, PMC has sustained damages in the amount of $791,667.50, which is the agreed upon cost of the PMC 1002P less the amounts paid to-date.

13. As a result of the foregoing, PMC is entitled to an offset in the amount of its claim for breach of contract ($791,667.50) against any amounts which may be awarded to BIG3D.

14. As a result of the assignment to GACC, PMC is entitled to an offset in the amount of its claim for breach of contract ($791,667.50) against any amounts which may be adjudged assigned to GACC.

### FIRST CLAIM FOR RELIEF
(Declaratory Relief)
(Against Counterclaim-Defendant GACC and Cross-Defendant BIG3D)

15. PMC hereby incorporates the allegations of paragraphs 1 through 14 above as set forth fully herein.

16. An actual controversy has arisen and now exists between PMC on one hand, and GACC and BIG3D on the other hand, as to their respective rights and duties under (1) the contract between PMC and Big3D for the purchase of the PMC 1002P and related tooling, spares and counterstacker, and (2) any assignment of BIG3D's claims and/or liabilities to GACC. PMC contends that, in view of all attendant facts and circumstances, BIG3D

PAPER MACHINERY CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO GREAT ATLANTIC CAPITAL CORPORATION'S COMPLAINT IN INTERVENTION AND PAPER MACHINERY CORPORATION'S CROSS-CLAIM AGAINST DEFENDANT IN INTERVENTION BIG3D, INC.

breached the contract by refusing to pay the amounts due under the contract. As a result of Big3D's breach of contract, PMC further contends that it has sustained damages in the amount of $791,667.50, which is the agreed upon cost of the PMC 1002P less the amounts paid to-date and that, as a result, PMC contends it is entitled to an offset in the amount of its claim for breach of contract ($791,667.50) against any amounts which may be awarded to GACC and/or BIG3D.

17. PMC desires an immediate declaration of rights declaring (a) BIG3D breached the contract between PMC and Big3D for the purchase of the PMC 1002P and related tooling, spares and counterstacker by refusing to pay the amounts due under the contract, (b) neither Big3D nor GACC is entitled to any portion of the monies paid toward the purchase of the PMC 1002P with related tooling, spares and counterstacker; (c) PMC is entitled to an offset in the amount of its claim for breach of contract ($791,667.50) against any amounts which may be awarded to BIG3D, and (d) PMC is entitled to an offset in the amount of its claim for breach of contract ($791,667.50) against any amounts which may be adjudged assigned to GACC.

18. Such declaration is necessary and appropriate at this time under the circumstances in order that PMC may ascertain its rights and duties under the contract, as well as any assignment by BIG3D to GACC.

**WHEREFORE,** PMC requests judgment:

1. Dismissing the adversary complaint of Big3D in its entirety;
2. Dismissing GACC's Complaint in Intervention in its entirety;
3. For a declaration that BIG3D breached the contract between PMC and Big3D for the purchase of the PMC 1002P and related tooling, spares and counterstacker by refusing to pay the amounts due under the contract;
4. For a declaration that neither Big3D nor GACC is entitled to any portion of the monies paid toward the purchase of the PMC 1002P with related tooling, spares and counterstacker;

///

PAPER MACHINERY CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO GREAT ATLANTIC CAPITAL CORPORATION'S COMPLAINT IN INTERVENTION AND PAPER MACHINERY CORPORATION'S CROSS-CLAIM AGAINST DEFENDANT IN INTERVENTION BIG3D, INC.

5. For a declaration that PMC is entitled to an offset in the amount of its claim for breach of contract ($791,667.50) against any amounts which may be awarded to BIG3D.

6. For a declaration that PMC is entitled to an offset in the amount of its claim for breach of contract ($791,667.50) against any amounts which may be adjudged assigned to GACC; and

7. Awarding PMC such other and further relief as this court deems just.

DATED: February 25, 2010     DAVIS & KUELTHAU, s.c.

By  /s/ Kathy L. Nusslock
Kathy L. Nusslock,
Attorneys for Defendant/Defendant In Intervention
Paper Machinery Corporation

{7022/002/00248189.DOC}     10

PAPER MACHINERY CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO GREAT ATLANTIC CAPITAL CORPORATION'S COMPLAINT IN INTERVENTION AND PAPER MACHINERY CORPORATION'S CROSS-CLAIM AGAINST DEFENDANT IN INTERVENTION BIG3D, INC.